UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN MARTIN**, | 2:19-CV-12119-TGB-APP |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | |
| **HEIDI WASHINGTON**, et al., | **ORDER GRANTING THE MOTION TO ENLARGE TIME (ECF NO. 10) AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS AMENDED COMPLAINT SHOULD NOT BE DISMISSED** |
| Defendants. | |

Melvin Martin, a prisoner at the Saginaw Correctional Facility in Freeland, Michigan, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His Complaint identified 45 different individuals as defendants in the matter. *See* ECF No. 1 (Compl.). Because his pleading raised multiple issues about seemingly unrelated incidents and individuals, the Court provided Martin an opportunity to file an amended complaint that set forth claims about a single act or occurrence (or series of transactions or occurrences) and that had questions of fact or law common to all the defendants, as required by Federal Rule of Civil Procedure 20, which governs permissive joinder of defendants. *See* ECF No. 9 (Order). Martin filed an Amended Complaint (ECF No. 13), which does not comply with the Court's previous order about filing an amended

complaint. Accordingly, the Court will order Martin to show cause why his case should not be dismissed.

## BACKGROUND

### A. The Initial Complaint

Martin alleged in his initial complaint that various Michigan Department of Corrections ("MDOC") employees violated his constitutional rights to equal protection of the law, fair and just treatment, and due process of law. ECF No. 1, PageID.4. The front page of his Complaint named Heidi Washington, Director of the MDOC, as a defendant. On a typewritten attachment to the Complaint, however, Martin named 44 additional individuals, who are current or former MDOC employees. Some of these individuals were employed at the Lakeland Correctional Facility in Coldwater, Michigan. Other defendants worked at a correctional facility on Mound Road in Detroit, Michigan. Two of the individuals were employed at the Duane Waters Hospital in Jackson, Michigan, and two worked for the MDOC in Lansing, Michigan.

From Martin's Complaint, the Court discerned the following allegations:

- as early as May of 1997, state officials and other individuals providing medical services to state prisoners, have been deliberately indifferent to Martin, have retaliated and conspired against him, and have engaged in various forms of misconduct to delay or deny him a medical assessment, medical treatment, and competent medical services; *see* ECF No. 1, PageID.7;

2

● as early as December of 2003, MDOC officials have intentionally withheld treatment for Martin's foot, and in May 2004, he was transported to Detroit Receiving Hospital for surgical procedures; *see id.* at PageID.8;

● in June of 2007, Plaintiff experienced chest pains, shortness of breath, pain in his shoulders and knees, a hemorrhoid problem, and headaches; medical staff ignored these problems; *see id.*;

● in June of 2007, Defendants Patricia L. Caruso and A. J. Jackson retaliated against Martin and made it difficult for him to respond to an order in another case by requiring him to pack his belongings in preparation for transfer to another correctional facility; *see id.* at PageID.18;

● on December 10, 2007, a librarian named Wood violated an MDOC policy directive and Martin's right to access the courts by denying his request for photocopies because he had insufficient funds in his prison account; *see id.*;

● in June of 2019, after Martin was transferred from the Lakeland Correctional Facility to the Saginaw Correctional Facility, Quartermaster Berry denied or delayed Martin's request for "ACMO approved shoes" by refusing to measure Martin's feet; *see id.* at PageID.15; and

● on July 15, 2019, a librarian named Bell denied Martin's request for legal documents because the balance in his prison account was $.11; *see id.*

In addition to these allegations, Martin alleged that: several of the named Defendants discriminated and retaliated against him by denying him reasonable accommodations and a work assignment; others deprived him of his right of access to the courts; and still other Defendants denied him tinted prescription eyewear, state-issue items, and adequate health

3

care. *See id*. at PageID.19-32. Martin sought a declaratory judgment, an injunction, and money damages for alleged violations of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. *See id*. at PageID.33.

### B. The Court's Previous Order

In an order dated December 30, 2019, the Court pointed out that, under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in one action only if the plaintiff asserts a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Additionally, the plaintiff seeking joinder of defendants must allege that a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B).

Simply stated, a "plaintiff may join multiple defendants in a single action only if [the] plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (quoting *Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D. N.J. May 14, 2008) (quoting CHARLES ALLEN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, 7 FEDERAL PRACTICE & PROCEDURE CIVIL § 1655 (3d ed. 2010)). Courts may consider several different factors in determining whether civil rights claims arise from the

4

same transaction or occurrence. *Id*. These factors include: "the time period during which the alleged acts occurred; whether the acts of (sic) . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id*. (quoting *Nali v. Michigan Dep't of Corr*., No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)). A plaintiff who brings multiple claims, regardless of type, against defendants who are spread out at various institutions has used an improper "buckshot" complaint. *Id*. at 779.

The Court concluded in its order dated December 30, 2019, that Martin had failed to satisfy Rule 20(a)'s two requirements because he raised multiple, unrelated allegations that arose from events occurring over a period of 22 years at various correctional facilities, located in two different judicial districts. *See* ECF No. 9, PageID.63. Among the issues Martin raised were: the denial of special shoes; the denial of a work assignment; the denial of access to the courts; the confiscation and denial of tinted prescription eyewear; the denial of state-issue items; the confiscation and destruction of personal property; and the delay or denial of special accommodations and competent medical treatment. *Id*. Martin failed to demonstrate that the Defendants' actions arose out of the same transaction or occurrence or series of transactions or occurrences. *Id*. He also failed to show the existence of a question of law or fact common to all the Defendants. *Id*.

However, because the Court may not dismiss an action simply because of a misjoinder of parties, Fed. R. Civ. P. 21, the Court provided Martin an opportunity to voluntarily dismiss some claims and Defendants in an effort to satisfy Rule 20(a)'s two prongs. The Court ordered Martin to file an amended complaint in which he provided a short and plain statement of facts and claims related to *one* transaction or occurrence or *one* series of transactions or occurrences, and which included questions of fact or law common to all the named defendants. *Id*. at PageID.63-64.

The Court also stated that the amended complaint should identify as defendants only those individuals who were involved in the single transaction or occurrence described in the amended complaint and that the statement of facts must be specific as to who was involved, when the incident(s) occurred, and what the individual(s) did to violate Martin's rights. The Court directed Martin to list events in strict chronological order, keeping in mind that the statute of limitations for Martin's claims was three years. *Id*. at PageID.64. The Court explained that this meant the amended complaint could raise only those claims that were based on incidents that happened within the last three years. *Id*. Finally, the Court stated that, if Martin failed to submit an amended complaint that complied with the Court's instructions within 30 days of the Court's order, the Court would sua sponte dismiss claims and Defendants that it deemed misjoined under Rule 20. *Id*.

6

On January 24, 2020, Martin moved to enlarge the time for filing his Amended Complaint, *see* ECF No. 10, and on February 19, 2020, the Clerk of Court of Court received and filed the Amended Complaint. Martin filed his motion to enlarge time before the deadline expired for filing the Amended Complaint. Additionally, he states in his Amended Complaint that he did not receive the Court's December 30, 2019 order until January 14, 2020, and that on January 24, 2020, he underwent a surgical procedure at Lapeer Surgical Center. ECF No. 13, PageID.77.

Martin has shown "good cause" for extending the deadline to file his Amended Complaint. Fed. R. Civ. P. 6(b)(1)(A). Accordingly, the Court grants Martin's motion to enlarge time (ECF No. 10) and proceeds to address the Amended Complaint.

## DISCUSSION

The Supreme Court has said that "[t]t is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2 (1982), White, J., concurring in the judgment in part and dissenting in part; *see also Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (stating that, "[g]enerally, amended pleadings supersede original pleadings") (citing 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2010) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion

made by an opposing party should be directed at the amended pleading.")).

However, having carefully reviewed Plaintiff's Amended Complaint, the Court concludes that the Amended Complaint fails to comply with the Court's previous order. In his Amended Complaint, Martin does not attempt to identify which of the 45 individuals named in his initial Complaint were involved in a single transaction or occurrence and what each Defendant did to violate his constitutional rights. Instead, Martin names 25 new defendants.

Furthermore, the Amended Complaint contains the same defects as the initial Complaint. Although Martin devotes a paragraph to each of the 25 new defendants, he continues to make multiple, unrelated allegations that arise from events occurring at various correctional facilities, located in two different judicial districts. Among the issues Martin raises in the Amended Complaint are: the denial or delay in dental services and the denial of proper dental treatment; the denial or delay in medical treatment and interference with a medical plan; the Defendants' indifference to his pain; the failure to safeguard Martin's personal property; the denial of access to courts by not providing photocopies or adequate time for research; and the denial of early meal service. Martin also alleges that each Defendant retaliated and discriminated against him, used excessive force, and was deliberately indifferent to his needs. Nowhere does Martin state when these events

occurred, and most of the allegations are vague and conclusory. Although the Court has scoured the numerous exhibits attached to the Amended Complaint, the exhibits provide little insight into Martin's claims.

Besides failing to limit his claims to one transaction or occurrence or one series of transactions or occurrences, Martin also has failed to show the existence of a question of law or fact common to all of the 25 new defendants. Rule 20(a)'s requirements, therefore, still are not met.

## A. Rule 41(b)

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT & T*, 176 F.3d 359, 362–63 (6th Cir. 1999)).

"This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (quoting *Knoll*, 176 F.3d. at 363). Nevertheless, "such a dismissal is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (quotation marks and end citations omitted).

Federal courts also have inherent power to dismiss a case, *Coleman v. Am. Red Cross*. 23 F.3d 1091, 1094 n.1 (6th Cir. 1994), and even though

Rule 41(b) contemplates a dismissal on motion of a defendant, the Supreme Court has held that district courts may sua sponte dismiss a case under Rule 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 630-33 (1962). However,

> [w]hen contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

## B. Application

### 1. The First Factor (willfulness, bad faith, or fault)

The Court ordered Martin to limit his Amended Complaint to allegations about one transaction or occurrence (or one series of transactions or occurrences) and to set forth a question of law or fact common to all the Defendants named in the initial. Complaint. Instead of complying that order, Martin added 25 more defendants, and he has failed to allege one transaction or occurrence involving a common question of law or fact as to the 25 new Defendants. Because Martin did not comply with the Court's previous order, his "conduct constitutes bad faith or contumacious conduct" and arguably justifies dismissal. *Steward*

10

*v. Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001). The first *Stough* factor is satisfied.

**2. The Second Factor** (prejudice to the adversary)

The second factor -- whether the adversary was prejudiced by the party's conduct -- weighs in Martin's favor, because the Defendants have not been served with either the initial Complaint or the Amended Complaint. As a result, they have not wasted time, money, or effort in defending against Martin's allegations.

**3. The Third Factor** (notice)

The Court specifically warned Plaintiff that failure to comply with its previous order could result in the dismissal of claims and Defendants that it deemed misjoined under Rule 20(a). However, the Court did not warn Martin that the Court could dismiss the entire Complaint for failure to comply with the Court's order. "Prior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to 41(b)." *Stough*, 138 F.3d at 615. The third factor, therefore, arguably favors Martin.

**4. The Fourth Factor** (lesser sanctions)

As for the fourth *Stough* factor, the Court did consider a less drastic sanction than dismissal when it first screened Martin's Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court granted Martin an opportunity to amend his Complaint to comply with Rule 20(a). The Court is not required to exhaust all sanctions short of dismissal before

finally dismissing a case, particularly when, as here, the proposed amendment is as confusing and conclusory as the complaint. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Therefore, the fourth factor weighs in favor of dismissal.

## CONCLUSION AND ORDER

The first *Stough* factor (willfulness, bad faith, or fault) weighs in favor of dismissal. The second factor (prejudice to the adversary) weighs in Martin's favor. The third factor (notice) arguably weighs in Martin's favor, and the fourth factor (lesser sanctions) weighs in favor of dismissal. The four factors balance each other. Two factors weigh in favor of dismissal, and two factors weigh in Martin's favor.

Accordingly, an involuntary dismissal under Rule 41(b) is inappropriate at this time. Instead, it is hereby **ORDERED** that Martin to show cause within **30 days** of receipt of this order why his case should not be dismissed in whole or in part for his failure to comply with the Court's previous order or for his failure to abide by Rule 20(a). Any failure to comply with this order could result in the dismissal of this case.

**SO ORDERED**.

Dated: February 17, 2021      s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE