UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN MARTIN**, <br><br> Plaintiff, <br><br> v. <br><br> **HEIDI WASHINGTON, et al.**, <br><br> Defendants. | 2:19-12119-TGB-APP <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Plaintiff Melvin Martin, a state prisoner at the Saginaw Correctional Facility in Freeland, Michigan, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His initial complaint identified 45 defendants who were current or former employees of the Michigan Department of Corrections. *See* ECF No. 1, PageID.1, 19-32 (Compl.). The Complaint alleged that the Defendants had violated Martin's constitutional rights to equal protection of the law, fair and just treatment, and due process of law. *See id*. at PageID.4.

When screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court noticed that the Complaint raised multiple issues about seemingly unrelated incidents and individuals. So, on December 30, 2019, the Court gave Martin an opportunity to voluntarily dismiss some claims and Defendants to satisfy Federal Rule of Civil Procedure 20(a)(2), which governs permissive joinder of defendants. *See* ECF No. 9 (Order). The

Court ordered Martin to file an amended complaint that provided a short and plain statement of facts and claims related to one transaction or occurrence or one series of transactions or occurrences, and which included questions of fact or law common to all the named defendants. The Court explained that the statement of facts must be specific as to who was involved, when the incident(s) occurred, and what the individual(s) did to violate Martin's rights. The Court also directed Martin to list the events in question in strict chronological order and to keep in mind that the statute of limitations for his claims was three years. *See id*. at PageID.63-64.

Martin subsequently filed an Amended Complaint (ECF No. 13), but the Amended Complaint did not identify which of the 45 individuals named in Martin's initial complaint were involved in a single transaction or occurrence. Nor did Martin indicate what each Defendant did to violate his constitutional rights. Instead, Martin named 25 new defendants. *See id*. at PageID.77-85

Furthermore, the Amended Complaint contained the same defects as the initial Complaint. Although Martin devoted a paragraph to each of the 25 new Defendants, he continued to make multiple, unrelated allegations about events occurring at various correctional facilities, located in two different judicial districts. He did not explain when these events occurred, and most of the allegations were vague and conclusory. In short, he failed to limit his claims to one transaction or occurrence or

one series of transactions or occurrences, and he failed to show the existence of a question of law or fact common to the 25 new defendants.

In an order dated February 17, 2021, the Court concluded that Martin had not complied with the Court's previous order, nor satisfied Rule 20(a)'s requirements. *See* ECF No. 14, PageID.154-155 (Order). However, after reviewing the factors to be considered when contemplating an involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the Court concluded that an involuntary dismissal was inappropriate at the time. *See id.* at PageID.158. Instead, the Court ordered Martin to show cause within thirty days of receipt of the Court's order why his case should not be dismissed in whole or in part for his failure to comply with the Court's previous order or for his failure to abide by Rule 20(a). *See id.* at PageID.158. The Court warned Martin that any failure to comply with the order could result in the dismissal of this case. *See id.*

To date, Martin has not responded to the Court's order to show cause, nor filed another amended complaint that complies with Rule 20(a)'s requirements. His conduct constitutes bad faith or contumacious conduct, and he was warned that failure to comply with the Court's order could result in the dismissal of this case. In addition, the Court considered less drastic sanctions than dismissal when it gave Martin two opportunities to satisfy Rule 20(a)'s requirements. As such, an involuntary dismissal of this action is justified. *See Stough v. Mayville*

3

*Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (setting forth the factors to be considered when contemplating an involuntary dismissal under Rule 41(b)). Accordingly, this case is **DISMISSED** without prejudice.

**SO ORDERED.**

Dated: May 28, 2021         s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE