UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN MARTIN,**<br><br>Plaintiff,<br><br>vs.<br><br>**HEIDI WASHINGTON et al.,**<br><br>Defendants. | 2:19-CV-12119-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS TO REOPEN CASE (ECF NOS. 18, 20)** |

Plaintiff Melvin Martin originally filed this pro se civil rights action in July 2019. When screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court noticed that the Complaint raised multiple issues about seemingly unrelated incidents and individuals. So, on December 30, 2019, the Court gave Martin an opportunity to voluntarily dismiss some claims and Defendants to satisfy Federal Rule of Civil Procedure 20(a)(2), which governs permissive joinder of defendants. See ECF No. 9. In its December 30 order, the Court provided specific instructions regarding the form of any amended complaint, and reminded Martin of the three-year statute of limitations for his claims. *Id.* at PageID.63-65.

Martin subsequently filed an Amended Complaint (ECF No. 13), but the Amended Complaint complied with neither the Court's instructions nor Rule 20(a). Instead, Martin's Amended Complaint added

1

25 new defendants, and continued to make multiple, unrelated allegations about events occurring at various correctional facilities, located in two different judicial districts, over a ten-year span. Additionally, the allegations in Martin's Amended Complaint were vague and conclusory.

In an order dated February 17, 2021, the Court explained that, although Martin had not complied with the Court's previous order and had not satisfied Rule 20(a)'s requirements, involuntary dismissal was inappropriate. *See* ECF No. 14, PageID.154-55, 158. Instead, the Court ordered Martin to show cause within thirty days why his case should not be dismissed for failure to comply with the Court's previous order, or for failure to conform to Rule 20(a). The Court warned Martin that failure to comply could result in partial or total dismissal of his case. *Id*. at PageID.158.

Martin did not respond to the Court's February order. On May 28, 2021, more than three months later, the Court issued an order dismissing Matin's case, noting that Martin's conduct constituted bad faith or contumacious conduct, that the Court had given Martin multiple chances to amend his complaint, and that Martin had been warned that failure to comply with the Court's orders could result in dismissal.

On June 28, 2021, Martin filed a Notice of Appeal, requesting that the Sixth Circuit review the Court's order dismissing his case. ECF No. 16. Martin also filed a motion captioned "MOTION for Writ of mandamus

and for order to show cause or for superintending control" (ECF No. 18), a response to the Court's prior show cause order (ECF No. 19), and another motion captioned "MOTION for writ of mandamus, order to show cause, or for superintending control to reinstate case 19-12119" (ECF No. 20).

Because Martin filed his notice of appeal before the pending motions, this Court lacks jurisdiction to consider the motions. *See Jones v. Kolb*, 83 F. App'x 779, 781 (6th Cir. 2003)("[T]he district court lacked jurisdiction to consider Jones's motion to reopen the case and motion for summary judgment because Jones filed his notice of appeal prior to filing this motion."). A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic* Surgeons, 470 U.S. 373, 379, (1985). Here, the central issue of Martin's appeal is the Court's prior dismissal of the case. The Court therefore lacks jurisdiction to reopen the case. Martin's motions will be denied as moot while his appeal is addressed by the Sixth Circuit.

The Court has also reviewed Martin's response to the Court's order to show cause. That response is untimely—the Court ordered Martin to show cause within thirty days, but his response was not filed for four and a half months. However, Martin does appear to argue that he did not receive the Court's order requiring him to show cause. *See* Notice of Appeal, ECF No. 16, PageID.163. In any event, as explained above, the

3

Court lacks jurisdiction to consider Martin's motions and reopen the case while his appeal is pending. Moreover, Martin's response does not show cause why his case should not have been dismissed. Martin's response does not address the concerns the Court outlined in its February 17, 2021 Order, does not include a proposed amended complaint that would comport with Rule 20(a) or the Court's prior instructions, and does not explain why Martin's case should have been permitted to continue.

Finally, Martin has applied for permission to maintain his appeal without prepaying fees and costs. ECF No. 21. The Court has reviewed the certified account statements and activity reports of Martin's prisoner trust fund account, which are attached to Martin's application. The Court concludes that Martin is entitled to proceed *in forma pauperis*. However, Martin must pay the full filing fee for his appeal because he is a prisoner. 28 U.S.C. § 1915(b)(1).  The Court must assess, and if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Martin's trust fund account or (2) the average monthly balance in Martin's account for the six months immediately preceding the filing of his appeal.  *Id*.  After paying the initial partial filing fee, Martin must make monthly payments consisting of twenty percent (20%) of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).

With these statutory provisions in mind, the Court orders the Michigan Department of Corrections to calculate and withdraw an initial

partial filing fee from Martin's trust fund account and forward that amount to the Clerk of this Court within thirty (30) days of this order. In subsequent months, or from time to time as funds become available, the Department of Corrections shall transmit payments consisting of twenty percent (20%) of the preceding month's income credited to Martin's trust fund account. The Court will notify the Department of Corrections when Martin has paid the entire appellate filing fee of $505.00.

For the reasons explained above, due to his pending appeal, Martin's motions to reopen this case (ECF Nos. 18, 20) are **DENIED AS MOOT**. Martin's application to proceed on appeal without prepaying fees and costs (ECF No. 21) is **GRANTED**.

**SO ORDERED** this 17th day of February, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge